**SUPERIOR COURT**
**OF THE**

**JOHN A. PARKINS, JR.**
*JUDGE*

**NEW CASTLE COUNTY COURTHOUSE**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801-3733**
**TELEPHONE: (302) 255-2584**

June 22, 2016

Dwayne A. Walker
SBI 354596
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

**Re: State of Delaware v. Dwayne A. Walker**
**I.D. No. 0509010302A**

Dear Mr. Walker:

This letter refers to your latest motion for reduction of sentence and your June 2, 2016 motion for transcripts of your sentencing.

In 2005 you were indicted for murder in the first degree, one count of possession of a deadly weapon during the commission of a felony and one count of possession of a deadly weapon by a person prohibited. You pleaded guilty to murder in the second

degree and were sentenced to 30 years at Level 5 suspended after 20 years for decreasing levels of probation.[1]  You previously filed motions for reduction of sentence which were denied on December 29, 2006; January 24, 2014 and October 22, 2014.

Criminal Rule 35(b) of this court provides in pertinent part that "[t]he court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances . . . .  The court will not consider repetitive requests for reduction of sentence."  Your motion is barred for both of these reasons.  First, you have not shown extraordinary circumstances.  You efforts at rehabilitation are commendable, but rehabilitation does not constitute an extraordinary circumstance.  The Delaware Supreme Court "has held that participation in educational and rehabilitative programs, while commendable, is not in and of itself sufficient to establish extraordinary circumstances warranting review of an untimely motion for sentence modification."[2] In your most recent motion you wrote "with all due respect to my victim and loved ones, there

---

[1]  At the time of your crime you were on probation for three 2001 offenses, and your commission of the murder constituted a violation of those probations.  The Judge who sentenced you for your murder-two conviction discharged you from the 2001 probations you were then serving.

[2]  *Morgan v. State*, 2009 WL 1279107 (Del.).

is nothing that I can do and no amount of level 5 time that I serve can change that fact." The judge who sentenced you was, of course aware that no amount of time spent at Level 5 would bring your victim back. Therefore this can hardly constitute an "extraordinary circumstance." Finally it is good that you are remorseful for your crime, but remorse does not itself constitute an extraordinary circumstance. Therefore your Rule 35 motion for reduction or modification of your sentence is **DENIED**.

In a separate motion you request a copy of the transcript of your sentencing. You state that you want the transcript for your "personal files" and that you plan to use it in the future in a post-conviction motion. You write:

> He is now seeking appeals to reconsider certain issues relevant to his conviction and sentence. He believes there may have been errors that affect the outcome of the case. The sentencing transcripts are material, and hold information for review.

Such a generalized explanation why you need the transcript does not persuade the court one should be prepared for you. This court has previously written:

> An application for the production of transcripts is addressed to the sound discretion of this Court. The Constitution does not "require that an indigent be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of

3

assistance it may be." Thus it is not an abuse of discretion to deny a request for transcripts where the transcripts are sought for the preparation of a Rule 61 motion for post conviction relief and it appears that the Rule 61 motion would be procedurally barred. Given the complete absence of any showing that Defendant has a colorable claim for post conviction relief that is not procedurally barred, his motion for probation of transcripts and other documents is DENIED.[3]

The same reasoning holds true in your case, and your request for transcripts is **DENIED**.

Very truly yours,

John A. Parkins, Jr.

oc: Prothonotary

cc: Ipek K. Medford, DAG, Department of Justice, Wilmington, Delaware

---

[3] *State v. Bailey*, 2009 WL 5192051 (Del. Super.)(footnotes omitted).